UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADEYEMI ADEROHUNMU, individually and on behalf of all other persons similarly situated who were employed by LORETTO HEALTH & REHABILITATION CENTER, and/or any other entities affiliated with or controlled by LORETTO HEALTH & REHABILITATION CENTER,<br><br>          Plaintiffs,<br><br>  -against-<br><br>LORETTO HEALTH & REHABILITATION CENTER and any related entities,<br><br>          Defendant. | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br><br>**and**<br><br>**CLASS ACTION**<br><br>Docket No.: 5:24-cv-731 (DNH/ML)<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff Adeyemi ("David") Aderohunmu ("Named Plaintiff"), by his attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiff and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Defendant Loretto Health & Rehabilitation Center, and/or any other entities affiliated with or controlled by Loretto Health & Rehabilitation Center, (hereinafter "Defendant") in trades and occupations entitled to receive overtime compensation.

1

2.      From at least May 2018 and continuing through the present, Defendant has engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3.      From at least May 2018 and continuing through the present, Defendant has engaged in a policy and practice of having its employees regularly work in excess of 40 hours per week without providing overtime compensation as required by the applicable federal and state laws.

4.      Upon information and belief, Defendant also failed to provide appropriate wage notices and pay statements to Named Plaintiff and those similarly situated as required under NYLL.

5.      Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7.      The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8.      The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9.      Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

10.     Named Plaintiff Adeyemi ("David") Aderohunmu is an individual who is currently a resident of Cortland County, New York, and was employed by Defendant as a Certified Nurse Assistant from approximately November 20, 2023, through May 22, 2024.

11.     Upon information and belief, Defendant Loretto Health & Rehabilitation Center is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 700 East Brighton Ave., Syracuse, NY 13205.

12.     At all times relevant to this action, Defendant was Named Plaintiff's employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq.*

## CLASS ALLEGATIONS

13.     Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

14.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

15.     This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for Defendant as Certified Nurse Assistants and/or Licensed Practical Nurses and were paid hourly wages who had meal breaks automatically deducted from their wages while working at Defendant Loretto Health & Rehabilitation Center.

16.     Named Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiff and those similarly situated, neither their regular hourly wage

3

nor the minimum wage for all hours worked, and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

17.     The putative class is so numerous that joinder of all members is impracticable.  The size of the putative class is believed to be hundreds of employees. Additionally, the names of all potential members of the putative class are not known.

18.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include but are not limited to: (1) whether Defendant failed to pay the appropriate regular or minimum wage for hours up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether Defendant failed to provide Named Plaintiff with proper wage notices and wage statements during the time of their employment.

19.     The claims of Named Plaintiff are typical of the claims of the putative class members.  Named Plaintiff and putative class members were all subject to Defendant's policies and willful practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendant's failure to provide wage notices as required by NYLL.

20.     Named Plaintiff and counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

21.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant.  A class

action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

## **FACTS**

22.     Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

23.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

24.     Named Plaintiff Adeyemi ("David") Aderohunmu was employed by Defendant from approximately November 20, 2023, through May 22, 2024.

25.     Named Plaintiff Aderohunmu was paid an hourly rate of $25.66 for working his standard overnight shift from 11:00pm to 7:00am, and $38.49 per hour for overtime. Whenever Named Plaintiff worked either a morning or afternoon/evening shift instead, his hourly rate of pay was $24.16 for those shifts and $36.24 per hour for overtime.

26.     This action is brought on behalf of Named Plaintiff Aderohunmu and a putative class collective consisting of similarly situated employees who worked for Defendant as hourly paid Certified Nurse Assistants, Licensed Practical Nurses, and other employees performing similar direct nursing and personal care support in furtherance of Defendant's operations as a nursing home and medical facility.

27.     Defendant operates at least two primary facilities on its premises, designated as the Cunningham building and the Fahey building, that are used for providing residential nursing homes and medical care services. Upon information and belief, the Cunningham building has 13 working floors, and the Fahey building has 4 working floors.

28.     On any given day at Defendant's facilities, there are three (3) shift changes throughout the day, those being the morning shift (7:00am – 3:00pm), the afternoon/evening shift (3:00pm – 11:00pm), and the overnight shift (11:00pm – 7:00am).

29.     Upon information and belief, during each morning shift, Defendant would have approximately five (5) Certified Nurse Assistants and two to three (2-3) Licensed Practical Nurses working on each floor of the Cunningham building and the Fahey building for the entire shift.

30.     Upon information and belief, during each afternoon/evening shift, Defendant would have approximately five (5) Certified Nurse Assistants and two to three (2-3) Licensed Practical Nurses working on each floor of the Cunningham building and the Fahey building for the entire shift.

31.     Upon information and belief, during the overnight shift, Defendant would have at least three to four (3-4) Certified Nurse Assistants and one to two (1-2) Licensed Practical Nurses working on each floor of the Cunningham building and the Fahey building for the entire shift.

32.     Upon information and belief, Defendant regularly has approximately 221-238 Certified Nurse Assistants and 85-136 Licensed Practical Nurses on staff that worked each day throughout the relevant period of time. Based on this information alone, the putative class is well into the 100s.

33.     While working for Defendant, Named Plaintiff Aderohunmu and other similarly situated employees were regularly required to perform work for Defendant without receiving pay for all hours worked and overtime compensation when appropriate, as required by applicable federal and state law.

34.     For example, beginning approximately November 20, 2023, and continuing through May 22, 2024, Named Plaintiff Aderohunmu would typically work the overnight shift

from 11:00pm to 7:00am, on the 5th Floor of Defendant's Cunningham building. Named Plaintiff would also frequently pick up extra shifts that became available during a given week.

35.     Named Plaintiff Aderohunmu would clock in at the beginning of his shift, and then clock out at the conclusion of it.

36.     For every shift over six (6) hours, one-half hour (30 minutes) would be automatically deducted from his pay for a meal break.

37.     Named Plaintiff Aderohunmu would be too busy working and caring for residents due to consistent staffing problems and his workload to take a full or even partial uninterrupted work-free meal break during a shift that was over six hours long.

38.     Despite this, Defendant would still automatically deduct the one-half hour of pay from Named Plaintiff Aderohunmu's pay.

39.     Defendant did not offer any procedures for reversing the automatic deduction or recouping pay for time worked in the event employees did not take a full uninterrupted work-free meal break.

40.     Upon information and belief, this procedure and circumstances were the same for all members of the putative class.

41.     In certain weeks, upon information and belief, the deducted one-half hour of pay would cause Named Plaintiff Aderohunmu, and those similarly situated, from receiving overtime compensation.

42.     For example, during the following two-week pay periods, Named Plaintiff Aderohunmu worked 40+ hours during one or both applicable weeks:

    a.  11/20/2023 – 12/03/2023

    b.  12/04/2023 – 12/17/2023

c.  12/18/2023 – 12/31/2023

d.  01/01/2024 – 01/14/2024

e.  01/15/2024 – 01/28/2024

f.  01/29/2024 – 02/11/2024

g.  02/12/2024 – 02/25/2024

h.  03/11/2024 – 03/24/2024

i.  03/25/2024 – 04/07/2024

43.    Named Plaintiff regularly observed many other similarly situated Certified Nurse Assistants and Licensed Practical Nurses co-workers not getting a meal break and working through designated break times, including but not limited to, Shamika Williams, Yolanda Williams, Martin Lewis, Rosa Robertson, and Desha Williams.

44.    Upon information and belief, all similarly situated Certified Nurse Assistants and Licensed Practical Nurses who worked through their meal breaks were subject to Defendant's auto-deduction practice and did not get paid for the time they spent working through their breaks.

45.    On one or more occasions, Named Plaintiff had spoken with co-workers about Defendant's meal break auto-deduction policy and practice, all of whom voiced their displeasure with it.

46.    As a result, Named Plaintiff and those similarly situated were routinely not paid for all hours worked and at times deprived of appropriate overtime compensation.

47.    Defendant consistently and repeatedly used this policy, procedure and method of automatically deducting one-half hour for meal breaks whether taken by the employee or not and at times failing to pay overtime across the members of the putative class.

8

48.      Named Plaintiff, and those similarly situated, received from Defendant inaccurate pay statements for each and every pay period that wrongfully deducted one or more one-half hour meal breaks that were not actually taken by Named Plaintiff and those similarly situated. The pay statements were unreliable in that they incorrectly recorded all hours for which Named Plaintiff and those similarly situated were owed pay and misled them as to whether they were properly paid for all hours worked. Each pay statement that wrongfully stated the hours due to Named Plaintiff and those similarly situated constitutes a separate and individual actionable violation of the FLSA and NYLL, as stated herein.

## FIRST CAUSE OF ACTION

## UNPAID WAGES AND OVERTIME UNDER FLSA

49.      The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

50.      Named Plaintiff and similarly situated hourly employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

51.      Under the FLSA, Named Plaintiff and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

52.      Defendant willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiff and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

53.      Upon information and belief, Named Plaintiff and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had

adjustments made to their time clock records resulting in a paycheck for less time than what the Named Plaintiff and those similarly situated actually worked.

54.     On this claim for relief, the Named Plaintiff on behalf of himself and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiff and other similarly situated employees.

55.     The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION

## UNPAID REGULAR TIME AND OVERTIME UNDER NYLL

56.     Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

57.     Pursuant to Article Six of the New York Labor Law, workers, such as Named Plaintiff and other members of the putative class action, are protected from wage underpayments and improper employment practices.

58.     Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

59.     As person employed for hire by Defendant, Plaintiff and other members of the putative class action are "employees," as understood in Labor Law § 190.

60.     Pursuant New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

61.     As an entity that hired the Named Plaintiff and other members of the putative class, Defendant is an "employer."

62.     Named Plaintiff and other members of the putative class agreed upon wage rate and/or overtime compensation rate constitutes "wages" within the meaning of New York Labor Law §§ 190, 191.

63.     Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Named Plaintiff and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

64.     Pursuant to New York Labor Law § 652 and the cases interpreting same, "Every employer shall pay to each of its employees for each hour worked a wage of not less than" the statutory minimum wage.

65.     In failing to pay Named Plaintiff and other members of the putative class proper wages for time worked in one week, Defendant violated New York Labor Law § 191, by failing to pay Plaintiffs and other members of the putative class all of their wages earned within the week such wages were due, and violated Labor Law § 652, by failing to pay Plaintiffs minimum wages for all hours worked.

66.     Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and other members of the putative class, that is not otherwise authorized by law or by the employee.

67.     By withholding wages for time worked in any given week from Plaintiff and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting

the same, Defendant made unlawful deductions in wages owed to Plaintiff and other members of the putative class.

68.    Pursuant to New York Labor Law § 198, Named Plaintiff and those similarly situated bring this action to recover wages to which they are entitled.

69.    Under NYLL, Named Plaintiff and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

70.    Additionally, Named Plaintiff and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

71.    Even though Named Plaintiff and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendant refused and continues to refuse to provide required breaks and failed and continues to fail to pay Named Plaintiff and those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, *et. seq.*, 650, *et. seq.*, and 19 NYCRR §§ 142, *et. seq.*

72.    Upon information and belief, Defendant willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

73.    On this claim for relief, the Named Plaintiff on behalf of himself and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

74.     The Plaintiff also seeks an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ANNUAL WAGE NOTICES AND PAY STATEMENTS

### UNDER NYLL

75.     Plaintiff repeats and re-alleges the allegations set forth above as if fully set forth herein.

76.     Defendant has willfully failed to provide Named Plaintiff and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

77.     Defendant has willfully failed to provide Named Plaintiff and those similarly situated with proper and accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; accurate recording of all

hours due to be paid; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

78.     Named Plaintiff, and those similarly situated, did not receive all required wage notices and pay statements during their employment with Defendant.

79.     Through their knowing or intentional failure to provide Named Plaintiff with the wage notices and pay statements required by the NYLL, Defendant willfully violated NYLL §§ 191(1) and (3) and the supporting New York State Department of Labor Regulations.

80.     According to NYLL § 198-1(b), Named Plaintiff, and those similarly situated, are entitled to $50 for every day they did not receive a wage notice up to a total of $5,000, together with costs and reasonable attorney's fees.

81.     According to NYLL § 198-1(b), Named Plaintiff, and those similarly situated, are entitled to $250 for every week they did not receive a proper and accurate pay statement up to a total of $5,000, together with costs and reasonable attorney's fees.

82.     By the foregoing reasons, Defendant violated NYLL §§ 195(1) and (3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

<u>**JURY TRIAL DEMANDED**</u>

83.     Plaintiff demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendant, demand judgment:

(1)     On the First Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the

14

amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

       (2)    On the Second Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

       (3)    On the Third Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

       (4)    Such other and further relief as this Court may deem just and proper.

Dated: Fayetteville, New York
      May 31, 2024

By:    */s/ Ryan G. Files*
        Ryan Files, Esq.
        Frank Gattuso, Esq.
        GATTUSO & CIOTOLI, PLLC
        The White House
        7030 E. Genesee Street
        Fayetteville, New York 13066
        315-314-8000
        315-446-7521 (fax)
        rfiles@gclawoffice.com
        fgattuso@gclawoffice.com

        *Attorneys for the Plaintiff and putative class*

**ATTORNEY VERIFICATION**

STATE OF NEW YORK     )
                            ) ss:
COUNTY OF ONONDAGA )

       The undersigned, an attorney admitted to practice in the courts of New York State, states that Deponent is the attorney of record for the Plaintiff in the within action; that Deponent has read the foregoing Amended Complaint and knows the contents thereof; that the same is true to Deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters Deponent believes them to be true.  Deponent further says this verification is made by Deponent and not by Plaintiff pursuant to CPLR 3020(d)(3) as the Plaintiff is not within the County in which this law firm maintains its law offices.

       The grounds of Deponent's belief as to all matters not stated upon Deponent's knowledge are all information contained within the file.

       The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  May 31, 2024              *s/ Ryan Files*
                                  Ryan G. Files, Esq.